OPINION OF THE COURT
Larry M. Himelein, J.
*763 Prior to 1970, many towns in New York had an elected board of assessors. In 1970, the State Legislature enacted legislation that required local governments to appoint a single assessor unless the municipality opted out by enacting a local law to retain its three-member board of assessors (see RPTL former 1556 [repealed]). The Town of Ellicottville must have opted out because it continued with its system of electing a board of three assessors. During 1993, the Legislature amended the Real Property Tax Law to allow municipalities, at their option, to have one elected assessor (see RPTL 329). Ellicottville, however, did not choose that new option. Instead, on July 28, 1994, the Town adopted Local Law No. 1-1994, providing for a single appointed assessor pursuant to RPTL 310. The Town has continued with a single appointed assessor since then.
On or about September 5, 2007, petitioners Andrew Phelan and the Fair Tax Party of Ellicottville filed a proposition with the Town Clerk. The proposition would require the election of a single assessor. Petitioners sought to have the Town place the proposition on the ballot for the November election. The Town declined to place the proposition on the ballot.
Petitioners have now filed a petition with this court, pursuant to Election Law § 16-116, seeking a court order that the proposition be placed on the ballot. Petitioners rely on sections 81 and 91 of the Town Law for this relief, although only section 81 seems applicable. Section 81 lists the type of propositions that must be submitted, upon appropriate petition, to the electorate and includes a “vote upon . . . any question, proposition or resolution which may lawfully be submitted” (Town Law § 81 [1] [d]). The Town’s position is that it would be unlawful to return to an elected assessor. Therefore, because the proposition would not be lawful, the Town is not required to put the proposition on the ballot.
In support of the Town’s position, it cited a May 10, 1994 opinion of the Counsel of the State Board of Real Property Services which opined that, once a municipality switched to a single appointed assessor, it could not revert to an elected assessor (11 Ops Counsel SBRPS No. 57). Two other advisory opinions also support the Town’s position. A 1972 Comptroller opinion advised that, once a town had changed from three elected assessors to a single appointed assessor, it could not change back because the RPTL (at that time) contained a general mandate for a single appointed assessor (see 1972 Ops St Comp No. 600). A 1970 Attorney General opinion provided that a town could *764 not adopt a local law providing for one elected assessor because that was not an option under the RPTL at that time and the town was limited to the explicit options provided in the RPTL (1970 Ops Atty Gen 186). At that time, the choice was between a town’s existing board of assessors and a change to one appointed assessor under RPTL former 1522.
The 1970 and 1972 opinions may be distinguishable from our case because they relied on the fact that the RPTL had a general requirement that “[t]he assessor shall be appointed” unless the locality opted out (RPTL former 1522 [1]). RPTL 310 was amended in 1993 to allow either an appointed or an elected assessor. The 1994 opinion states that section 310 requires a “sole appointed assessor” and that simply is not the case. The general requirement for appointed assessors was changed the previous year.
Nonetheless, the advisory opinions can be read for the proposition that municipalities are strictly limited to the procedures provided under title 2 of article 3 of the RPTL. Indeed, RPTL 332 provides that any “laws which are inconsistent with the provisions of this title shall be inapplicable.” Therefore, assuming that the Town of Ellicottville could change to a sole elected assessor — as petitioners’ proposition would require — it must be done in strict accord with the RPTL.
RPTL 329 provides that “the legislative body of such . . . town may adopt a local law” for the election of one assessor, and “[t]he legislative body, in its discretion” determines whether such local law “shall be subject to a . . . permissive referendum” (emphasis added). Here, petitioners propose a different procedure: the legislative body would not adopt the law and would not decide whether to hold a referendum — petitioners would force a referendum under Town Law § 81. Petitioners’ proposed procedure is inconsistent with the explicit statutory procedure of RPTL 329, and RPTL 332 mandates that inconsistent laws are inapplicable.
Further, even if petitioners’ procedure were allowed, it is not clear that the Town could have an elected assessor after it lawfully changed to an appointed assessor. RPTL 329 provides that a town which opted out during the 1970s to keep its board of elected assessors may change to a sole elected assessor. The Town of Ellicottville apparently opted out during the 1970s (because it kept its board of assessors), so it fits the first requirement of section 329. Ellicottville, however, enacted a local law to have an appointed assessor. Section 329 does not explicitly ad *765 dress whether a town that opted for an appointed assessor could thereafter change to an elected assessor.
The legislative history of section 329 provides only modest guidance. The Memorandum of the State Board of Equalization and Assessment reveals that the purpose of section 329 (and the accompanying legislation) was to encourage municipalities to convert from boards of assessors to sole assessors because it would reduce the total number of assessors and increase training participation and efficiency (1993 McKinney’s Session Laws of NY, at 2563). Ellicottville already has a sole assessor and it does not appear that the 1993 legislative enactment of RPTL 329 was intended to apply to towns that had already switched to a single assessor.
Finally, without a clear showing that it would be lawful for the Town to switch to an elected assessor after having opted for an appointed assessor, it could be an exercise in futility to have the proposition voted on and enacted, only to have a higher court decide that the proposition should never have been placed on the ballot. While reasonable minds might differ (indeed, the court tends toward the belief that towns should be able to choose how their assessors should be picked, and there is no specific prohibition against changing from appointed to elected or vice versa), that issue should be determined before this court can conclude that the proposition itself would be lawful. However, that question is not ripe for review today because petitioners do not pass the threshold issue — the referendum procedure petitioners propose is simply not permitted on this question (see RPTL 332).
Accordingly, the petition is denied.